## Case No. 12,043.

### In re ROSE et al.

### WALKER v. BARTON.

[3 N. B. R. 265 (Quarto, 63);[1] 1 Balt. Law Trans. 625.]

District Court, D. Maryland. 1869.

BANKRUPTCY—LANDLORD'S LIEN—WAIVER.

Bankrupts before proceedings in bankruptcy rented storehouse under written lease; assignees retained possession with bankrupts' goods therein, but finally surrendered the premises to the lessor. *Held*, the lessor had a preferred claim for the rent. He had a lien which he could have enforced by distress at the term of commencement of proceedings in bankruptcy, and upon the facts stated had not waived it.

[Cited in Abbott v. Stearns, 139 Mass. 170, 29 N. E. 379.]

By agreement of counsel, the following statement was submitted as setting forth the grounds of the claim of the plaintiff [Noah Walker] against Randolph Barton, assignee in bankruptcy of Rose, Lyon & Co.: Rose, Lyon & Co., on the 5th day of September, 1868, petitioned for the benefit of the bankrupt act [of 1867 (14 Stat. 517)], and Randolph Barton was in the course of proceedings appointed assignee. The bankrupts, before their application in bankruptcy, rented a storehouse from Noah Walker, under a written lease. The following sums, with interest thereon to be calculated, were due as rent on the said lease at the several dates specified:

May 1, 1868, one quarter's rent due.... $525
August 1, 1868,    "    "    "    "  .... 525
November 1, 1868   "    "    "    "  .... 525
November 23, 1868, rent due to date of surrender ........................ 140

On the 23d day of November, Randolph Barton, assignee, etc., surrendered the said storehouse to the lessor. The lessor, as each quarter's rent became due, demanded the same, and forbore to distrain, upon the request of the lessees, and with the understanding that the goods of the lessees should be kept on the premises, so as at all times to be liable to distress. At the time the lessees filed their application in bankruptcy, they were advised that the landlord's claim would be a preferred claim, and that thus their promise would be virtually kept.

GILES, District Judge. On the statement of the question in reference to the claim made by Noah Walker for rent, I am of the opinion that the said claim of the lessor is a preferred claim. For the rent due at the time of the

filing of the petition of Rose, Lyon & Co. to be declared bankrupts, Noah Walker had a lien which he could have enforced by distress, and under the facts stated in the argument there was no waiver of the same. As to that part of the rent which is for the occupation of the store, after the date of the filing of Rose, Lyon & Co.'s petition, that is to be paid as a part of the expenses of the custody, etc., of the bankrupts' estate, and comes within the first-class classification of claims entitled to the priority, by the provisions of the twenty-eighth section of the bankrupt act. I should suppose the first part of the rent would come under the provisions of the act in reference to the liquidation of liens, etc., as provided for by the fourteenth and twentieth sections of the act.